IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 97-CR-172-5 |
| | § | |
| GRATINIANO TOVAR-VALENCIA, | § | |

**MEMORANDUM AND ORDER**

The defendant, Gratiniano Tovar-Valencia, petitioned for a writ of mandamus is this case and another case, 97-cr-168. In both cases, his ground for seeking the writ was his belief that the second of the two guilty pleas he entered, to separate indictments, was barred by the first plea agreement. Tovar-Valencia argues that the plea agreement in H-97-cr-172 barred his guilty plea in H-97-168 because that agreement included a commitment by the government not to "further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal indictment, except for crimes of violence." Tovar-Valencia argues that the second plea he entered, in H-97-168, was barred by this language and that the United States had to dismiss the indictment in that case. He seeks an order requiring the United States Attorney to dismiss the indictment in H-97-168 and resentence him. (Docket Entry No. 243, p. 6).

In H-97-168, the court denied the application for a writ of mandamus and an appeal is pending. The magistrate judge reasoned that the first plea agreement did not bar the second because each indictment charges separate conspiracies. The district court adopted the magistrate judge's memorandum and recommendation. This court agrees that the two indictments charge separate

conspiracies. In H-97-172, Tovar-Valencia pleaded guilty to conspiracy to launder monetary instruments. In H-97-168, the indictment charged a conspiracy to distribute drugs. The overt acts, facts, and codefendants — with one exception — are different. This supports and confirms the result reached to deny the petition for mandamus.

Mandamus may issue when (1) the plaintiff has a clear right to relief, (2) the defendant a clear duty to act, and (3) no other adequate remedy exists. *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 768 (5th Cir. 2011). Mandamus is only appropriate when the duty is "so plainly prescribed as to be free from doubt." Mandamus is not available to review discretionary acts of officials. *See Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir.1992) (citations and internal quotation marks omitted); *Green v. Heckler,* 742 F.2d 237, 241(5th Cir. 1984). Mandamus does not create or expand duties, but merely enforces clear, nondiscretionary duties already in existence. The third element requires that there be no other adequate remedy available. *See Jones v. Alexander,* 609 F.2d 778, 781 (5th cir. 1980), cited by *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d at 768. This requires the exhaustion of any adequate administrative remedies before a court may issue mandamus. *Id.* The Supreme Court has stated that "[o]rdinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 27–28, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Even when a court finds that all three elements are satisfied, the decision to grant or deny the writ remains within the court's discretion because of the extraordinary nature of the remedy. *See United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir.1979).

In the present case, there is no basis for mandamus to issue. There is no clear right to the relief requested. Because of the different conspiracies charged in the two indictments, there is no

bar in the first plea agreement to the second plea. There is no clear duty on the part of the United States Attorney to dismiss the indictment that was the basis of the second plea and seek resentencing. And Tovar-Valencia did not timely exhaust other avenues for relief before filing his petition for mandamus. The petition and amended petition for writ of mandamus, Docket Entry No. 243, are denied.

The remaining motions are resolved as follows:

Docket Entry 242, motion for copy of the indictments: denied as moot. The defendant attached copies to his filings.

Docket Entry No. 244, motion to proceed in forma pauperis: granted.

Docket Entry No. 245, motion to amend petition for writ of mandamus to correct the name of the Assistant United States Attorney: granted.

Docket Entry No. 246, motion to extend the time to file notice of appeal: this notice applied only to H:97cr168. It is denied as inapplicable or premature in this case.

Docket Entry No. 248, motion for leave to appeal in forma pauperis: this applied only to H:97cr168. It is denied as inapplicable or premature in this case.

Docket Entry No. 252, motion for extension of time to file defendant's reply to the government's response and the Magistrate's ruling on the petition for a writ of mandamus: granted. The reply was filed on December 19, 2011 and was considered by this court.

SIGNED on January 10, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3